**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

VICTOR W. VASEY                                                                                            PLAINTIFF


VS.                                            1:08CV00046 SWW/JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Victor W. Vasey, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #10 and #11), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). While "substantial

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff alleged that he was limited in his ability to work by asthma, bilateral shoulder problems and low back pain. (Tr. 81.) After conducting an administrative hearing, during which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability[2], within the meaning of the Social Security Act, at any time through March 28, 2008, the date of his decision. (Tr. 19.) On July 18, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 12-19.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 41 years old at the time of the administrative hearing. (Tr. 160.) He completed the ninth grade in school, and, in 1997, he completed truck driving school. (Tr. 88, 160.) He had past relevant work as a truck driver. (Tr. 17, 73-75, 82-83, 161, 176-77.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

[2] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) & 1382c(a)(3)(D).

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

In his March 28, 2008 decision denying benefits (Tr. 12-19), the ALJ found that Plaintiff: (1) was insured for the purposes of DIB through June 30, 2010[3] (Tr. 12); (2) had not engaged in substantial gainful activity since his alleged onset date (Tr. 14); (3) had "severe" impairments, asthma, chronic obstructive pulmonary disease, hypertension and diabetes mellitus (*id.*); (4) did not

---

[3] In order to receive DIB, an applicant must establish that he was disabled before the expiration of his insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990). There is no similar requirement for SSI. However, SSI is not payable for a period prior to the date the application was filed. 20 C.F.R. § 416.335 (2007); *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

have an impairment or combination of impairments that met or equaled a Listing (Tr. 15); (5) was not totally credible concerning the intensity, persistence and limiting effects of his symptoms (Tr. 17); (6) retained the residual functional capacity ("RFC") for less than a full range of light work (Tr. 15); (7) was unable to perform his past relevant work (Tr. 17); but (8) was able to perform other work, which included a number of jobs that existed in significant numbers in the national economy.[4] Thus, the ALJ concluded that Plaintiff was not disabled.[5] (Tr. 19.)

Plaintiff contends that the ALJ erred: (1) because his decision was not supported by substantial evidence; (2) in failing to consider Plaintiff's impairments in combination; (3) in analyzing Plaintiff's credibility; (4) in failing to find, at Step 2, that Plaintiff's low back pain and shoulder pain constituted "severe" impairments; and (5) in faulting Plaintiff for not going to the doctor when he could not afford to do so. Because Plaintiff's first and third arguments turn on the ALJ's credibility determination, they will be analyzed together. Plaintiff's other arguments will be analyzed separately.

First, Plaintiff contends that the ALJ erred in determining Plaintiff's credibility, which resulted in the ALJ's decision not being supported by substantial evidence. (Appeal Brief at 5-8, 9-10.) In *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984),[6] the Court identified the factors an ALJ should consider in evaluating a claimant's credibility:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

---

[4] These jobs included positions as a security worker, surveillance monitor, school bus monitor, store monitor, checker, sampler, and sorter of materials. (Tr. 18.)

[5] In reaching this Step 5 decision, the ALJ relied on testimony from a vocational expert, who responded to hypothetical questions asked by the ALJ. (Tr. 18-19.)

[6] While the ALJ did not refer to *Polaski*, he did cite Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529(c) and 416.929(c). (Tr. 16-17) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

(Emphasis in original).

After carefully reviewing the record, the Court concludes that it contains little objective support for Plaintiff's claim of disability. No medical evaluations showed conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints of pain supported the ALJ's decision to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of his allegations, the lack of more medical treatment, his daily activities, his functional capabilities and the lack of restriction placed on him by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See*, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all the evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

A January, 2006 MRI of Plaintiff's lumbosacral spine was essentially normal. (Tr. 109.) A September, 2006 CT of the cervical spine revealed no abnormalities. (Tr. 111, 112, 134.) Plaintiff underwent a neurological examination in February, 2006. (Tr. 114-15.) It revealed negative straight leg raises, normal strength and deep tendon reflexes. (Tr. 114.) The doctor

observed that Plaintiff had less degeneration of his discs than most middle-aged men. *Id.* His impression was low back pain of a musculoskeletal nature. *Id.* He recommended that Plaintiff continue conservative care. *Id.*

Plaintiff underwent a general physical examination in October of 2006. (Tr. 119-25.) He had a full range of motion in the spine and all extremities, except for slightly reduced flexion in his knees and hips. (Tr. 122.) He was neurologically intact, there was no evidence of muscle weakness or atrophy, no sensory abnormalities were noted, and gait and coordination were normal. (Tr. 123.) He had the ability to hold a pen and write, touch fingertips to palms, grip, oppose thumb to fingers, pick up a coin, stand and walk without any assistive device, walk on heels and toes, and squat and arise from a squatting position. *Id.* Circulation was normal and there was no edema. (Tr. 124.) There was no evidence of serious mood disorder or psychosis and he was oriented to time, person, and place. *Id.* He had moderate limitation in his ability to walk, lift and carry, but no limitation in his ability to stand, sit, handle, finger, see, hear or speak. *Id.*

Plaintiff testified that he kept a chart of his blood pressure and it had been high for the last three days. (Tr. 164.) However, on the relatively few occasions he sought medical treatment, his blood pressure was not always elevated.[7] On December 18, 2006, it was 128/70.[8] (Tr. 100.) On November 16, 2006, it was 128/72. (Tr. 101.) On September 21, 2006, it was 116/60. (Tr. 102.) Plaintiff's blood pressure was 128/76 at an unspecified date after September 6, 2006. (Tr. 104.) On September 8, 2006, it was 150/103.[9] (Tr. 116.) On October 25, 2006, the day he received a general physical examination, his blood pressure was 138/84. (Tr. 121.)

---

[7] Plaintiff alleged an onset date of July 2, 2006. (Tr. 82, 160) Thus, the relevant time period was July 2, 2006, to March 28, 2008, the date of the ALJ's decision.

[8] Hypertension is the sustained elevation of resting systolic blood pressure of 140 mm Hg or more, or diastolic blood pressure of 90 mm Hg or more, or both. *The Merck Manual* 604 (18th ed. 2006).

[9] This elevated reading was recorded while Plaintiff was in a hospital emergency room shortly after he had rolled over on an all terrain vehicle and injured himself. (Tr. 116.) He told the nurse he had consumed about seven beers before the accident. *Id.*

Under these circumstances, the Court concludes that the ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. *E.g.*, *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Second, Plaintiff argues that the ALJ failed to consider his impairments in combination. (App. Br. 8-9.) The ALJ discussed Plaintiff's impairments individually (Tr. 14, 15) *and* in combination. (Tr. 13, 15, 16, 17.) Furthermore, the ALJ discussed at some length Plaintiff's limitations of function, which are a cumulation of all of his impairments. (Tr. 15, 16, 17, 19.) Thus, the Court concludes that this argument is without merit. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).

Third, Plaintiff argues that the ALJ erred, at Step 2, in failing to find that his back pain and shoulder pain were "severe" impairments. (App. Br. 12-14.) Plaintiff places undue emphasis on the distinction between impairments that are "severe" and those that are not. Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ must consider *all impairments*, including those that are less than "severe," in determining the claimant's RFC. 20 C.F.R. §§ 404.1545(e); 416.945(e) (2007); Social Security Ruling 96-8p, at 5.

The ALJ clearly considered Plaintiff's shoulder and back pain. (Tr. 15, 17.) Furthermore, his determination that those impairments were *not* "severe" was bolstered by a "To Whom It May Concern" letter from the Medical Center Clinics of Izard County, written approximately two weeks before the hearing. (Tr. 145.) The letter indicated that Plaintiff was a patient at the clinic, where he was being treated for diabetes, hypertension and asthma. However, there is no mention of Plaintiff having been treated for back or shoulder pain. *Id.* Plaintiff had the burden of proving that his back and shoulder pain were "severe" and the record establishes that he failed to meet that burden. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007).

Finally, Plaintiff argues that the ALJ erred in faulting him for not going to the doctor when, in fact, Plaintiff could not afford to do so. (App. Br. 14-15.) In his decision, the ALJ merely observed that Plaintiff had not sought medical treatment on a regular basis. (Tr. 17.) This observation was clearly supported by the medical record. The ALJ could and did properly consider Plaintiff's lack of sustained medical treatment in evaluating his credibility. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999)(plaintiff failed to maintain consistent treatment pattern for alleged mental impairments); *Johnson v. Chater*, 108 F.3d 942, 947 (8th Cir. 1997)(paucity of medical treatment inconsistent with subjective complaints of severe pain); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)(failure to seek medical assistance contradicts subjective complaints of disabling conditions); *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996)(failure to seek regular medical treatment for problems); *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995)(while not dispositive, failure to seek treatment may indicate relative seriousness of medical problem).

In an appropriate case, lack of financial resources may justify a claimant's failure to seek medical attention or follow prescribed treatment. *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). However, this is not such a case. Plaintiff *did* receive medical treatment, just not on a regular basis. (Tr. 99-116, 126-35, 144-45.) Furthermore, there is no evidence that Plaintiff attempted to find any low cost or no cost medical treatment for his alleged pain and disability. *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992)(no evidence claimant sought low cost medical treatment from her doctor or from clinics and hospitals or that she was denied medical care because of her financial condition). Under the facts in this case, such a lack of treatment is inconsistent with the degree of pain and disability asserted by Plaintiff.

It is for the ALJ, in the first instance, to determine Plaintiff's motivation for failing to follow prescribed treatment or seek medical attention. *Johnson v. Bowen*, 866 F.2d at 275. The ALJ had sufficient reason to doubt Plaintiff's claim that he could not afford medication. *See Osborne v. Barnhart*, 316 F.3d 809, 812 (8th Cir. 2003)(no evidence of attempt to obtain treatment and being denied because of lack of funds or insurance); *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999)(no

evidence to suggest claimant sought treatment offered to indigents or chose to forgo three packs of cigarettes a day to help finance pain medication).[10]  Thus, the Court concludes that the ALJ properly considered Plaintiff's lack of regular medical treatment.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996), *superceded by statute on other grounds*; *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.  The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 30th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10]Plaintiff told a neurologist that, for 30 years, he had smoked one pack of cigarettes per day. (Tr. 115.)  He also told other medical personnel that he had smoked three packs per day, but had reduced that to one.  (Tr. 104.)